307 So.2d 150 (1974)
John F. SMILEY
v.
William ELLIS.
William ELLIS
v.
John F. SMILEY.
Nos. 10023 and 10024.
Court of Appeal of Louisiana, First Circuit.
December 16, 1974.
Rehearing Denied February 10, 1975.
Writ Refused April 11, 1975.
*151 Walton J. Barnes, Baton Rouge, for appellant.
Ernest Hartenstine, Denham Springs, for appellee.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
NEHRBASS, Judge.
These companion cases, consolidated for trial and appeal, arise out of a single automobile accident which occurred when a 1965 Volkswagen, operated by William Ellis, was struck from the rear by a 1970 Pontiac automobile owned and operated by John F. Smiley.
In case number 10,024, William Ellis seeks to recover from the defendant, John F. Smiley, for personal injuries and medical expenses. In case number 10,023, plaintiff, John F. Smiley, seeks to recover from William Ellis for personal injuries and property damages.
*152 After trial on the merits the trial court rendered judgment declaring John F. Smiley to be at fault. Accordingly a judgment was rendered in favor of William Ellis in the sum of Two Thousand Two Hundred Seventy-four and 66/100 ($2,274.66) Dollars. Additionally, the suit by John F. Smiley against William Ellis was dismissed. From these judgments John F. Smiley has appealed. William Ellis has not appealed but in brief asserts the correctness of these judgments.
The accident spawning this litigation occurred at approximately 2:55 A.M. on the morning of August 18, 1971, in Livingston Parish, on the smaller of two dual lane bridges spanning the Amite River on U. S. Highway 190. At the time of the accident both vehicles were headed in an easterly direction towards Denham Springs, Louisiana. The night was clear, the roadway was straight and dry, and vision was not obstructed in any manner. The accident happened when Smiley's 1970 Pontiac struck the rear of a borrowed 1965 Volkswagen operated by Ellis.
At the time of the accident, Smiley was en route to his employment in Satsuma, Louisiana, and was traveling in the outside or slow lane of traffic within the posted speed limit, 70 miles per hour, when he came upon the Ellis vehicle on the bridge. Mr. Ellis testified that prior to the accident he had been parked below the bridge and had been teaching his dog to hunt raccoon along the bank of the Amite River. Mr. Ellis had, immediately before the accident, gained access to the highway through an entrance ramp and he testified that at the time of the collision he was accelerating and changing gears and was traveling at an estimated speed of fifteen to twenty miles per hour.
The appellant asserts that the trial court erred in its conclusions of fact, and he adamantly maintains that Ellis was stopped upon the bridge, that there were no lights on the vehicle and that Ellis was under the influence of intoxicating beverages at the time of the accident. The testimony of Mr. Ellis is diametrically opposed to that of the appellant. Mr. Ellis testified that his automobile was well lighted and in motion and that he was not a drinking man. The presence of beer containers in the automobile was adequately explained by the owner of the borrowed Volkswagen who testified that he consumed the beer on an occasion several days prior to the accident. As to the issue of intoxication, there is absolutely no proof that Ellis had consumed intoxicants on the day of the accident. Even assuming that Ellis was intoxicated at the time of the accident, there is absolutely no proof that this condition was the cause of the accident.
Appellant maintains that the trial court has erred in ignoring the opinion of Officer Wesley, Denham Springs Police Department, that the Ellis Vehicle was stopped on the highway prior to the accident. This opinion, without explanation, was based upon the fact that a tire on the Volkswagen blew out and that the rim made a mark on the highway.
Officer Wesley admittedly did not witness the accident and admitted that he is not an experienced accident investigator. We therefore, find that the testimony that the vehicle was stopped was without value.
Appellant maintains that the trial court erred in its failure to consider pertinent statutes applicable to the conduct of Ellis. Specifically, appellant refers to those numerous statutes found in Title 32 of the Revised Statutes concerning the parking of vehicles on roadways and bridges and the proper lighting of vehicles. We believe that our discussion above adequately dispenses with this specification of error. Additionally, appellant has the burden of proving the facts relied upon and his testimony simply does not preponderate over that of Ellis. Appellant has not proved that the Ellis vehicle was parked or that it was unlighted.
Appellant next contends that the trial court was in error in its failure to apply *153 the jurisprudence applicable to rear end collisions. A following motorist is presumed to be negligent when he strikes a preceeding motorist from the rear and the burden rests with the following motorist to exonerate himself of negligence. Williams v. State Farm Insurance Company, 273 So.2d 680 (La.App. 1st Cir. 1973); Grinnel Mutual Reinsurance Company v. Rich, 251 So.2d 450 (La.App. 1st Cir. 1971). We agree with appellant's contention that there may be circumstances under which a motorist would not be negligent in running into the rear end of a vehicle or into some unusual or unexpected object. However, we can not say that the presence of the Ellis vehicle on the highway at that time was such an unusual, unexpected or extraordinary circumstance such as to relieve appellant of his duty to see what he should have seen and to maintain his automobile under control.
The record reveals that the bridge where the accident occurred was a two lane bridge for traffic bound in the same direction with a split two lane bridge for oncoming traffic. The other lane of this bridge was unobstructed and could have been used by appellant to maneuver around the Ellis vehicle.
Under the circumstances, where the road was straight and dry, where visibility was unobstructed, and appellant had ample room in which to maneuver around the preceeding vehicle, if it had been seen, we conclude that Mr. Smiley was negligent in failing to observe the Ellis vehicle in time to avoid the accident.
Appellant contends that Ellis was guilty of negligence in that he was traveling at an unreasonably slow rate of speed on the highway in violation of the provisions of LSA, R.S. 32:64. That LSA, R.S. 32:64 Paragraph B reads as follows:
"Except when a special hazard exists that requires lower speed for compliance with paragraph A of this section, no person shall operate or drive a motor vehicle upon the highway of this state at such slow speed as to impede the normal and reasonable movement of traffic."
Ellis testified that he had just entered the highway from a controlled access ramp and was in the process of accelerating and changing gears and was traveling at fifteen to twenty miles per hour. Under these circumstances and considering the unobstructed east bound lane we do not find that the statute above quoted was applicable.
The trial court here did not furnish either written or oral reasons for judgment. The court was faced with conflicting testimony by the parties and witnesses. Its decision, favorable to Ellis, is amply supported by the evidence and we will, therefore, not reverse as we find no manifest error.
For the foregoing reasons the judgment of the trial court is affirmed; and all costs of these proceedings are to be paid by appellant, John F. Smiley.
Affirmed.